Holbrook Thayer ASHTON, II, Petitioner,

v.

**UNITED STATES of America, Respondent.**

No. 69 C 255(3).

United States District Court
E. D. Missouri, E. D.

Nov. 26, 1969.

J. B. Tietz, Los Angeles, Cal., for petitioner.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordan, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

Petitioner was convicted, on trial to the Court, of violating Section 462, 50 U.S.C.App., by failing to report for and submit to induction. His conviction was affirmed by the Court of Appeals for the Eighth Circuit on December 3, 1968. Ashton v. United States, 404 F.2d 95. Certiorari was denied by the Supreme Court April 7, 1969, 394 U.S. 960, 89 S.Ct. 1308, 22 L.Ed.2d 561, and rehearing thereof was denied May 5, 1969, 394 U.S. 1025, 89 S.Ct. 1628, 23 L.Ed.2d 51. Petitioner now seeks, pursuant to Section 2255, 28 U.S.C., an order vacating sentence and judgment.

The Section 2255 motion, although prepared by counsel, is not a model of clarity. As we understand it, aided by counsel's oral argument, the main thrust of the motion is that in light of subsequent decisions, the Court of Appeals erroneously applied the "exhaustion of administrative remedies" requirement in refusing to consider and determine whether there was a basis in fact for petitioner's classification. He contends that the rationale of McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194, which was decided May 26, 1969, after the affirmance of Ashton's conviction, might have impelled the Court of Appeals to review petitioner's claim of erroneous classification in spite of his failure to exhaust administrative remedies.[1]

Petitioner does not contend, nor could he under the record, that this Court denied him the right to raise "the no basis in fact" defense at his trial or that we failed to give consideration thereto. He directs his attack at the action of the Court of Appeals. In situations such as these, we have neither the power nor the inclination to adjudicate the correctness vel non of the decisions of our Court of Appeals. We accept and attempt to follow them.

In effect, petitioner seeks to use this Section 2255 procedure as a vehicle to obtain a rehearing or reconsideration of his appeal by the Court of Appeals. No constitutional issue is presented, petitioner's complaint being limited to the alleged error of the Court of Appeals on a matter of nonconstitutional law. We have been cited to no case which permits Section 2255 to be utilized in this manner or for this purpose.

In our judgment, the present motion is lacking in merit. The motion and the files and records in his case conclusively show that there is no basis for vacating petitioner's sentence and judgment. An evidentiary hearing is not required. Accordingly, the motion to vacate sentence and judgment should be and it is hereby denied.

---

1. Parenthetically, we note that the Supreme Court denied certiorari to Ashton and subsequently denied a rehearing of said denial while *McKart* was still under submission, *McKart* having been argued February 27, 1969.